(Reap. Dec. 10522)

HENRY A. WESS, INC. *v.* UNITED STATES

Entry No. 989, etc.

(Decided May 27, 1963)

*Tompkins & Tompkins* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The reappraisement appeals enumerated in the attached schedule of cases, designated schedule A, have been submitted upon a stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed LEM or JFJ by Examiner Louis E. Mangett or J. F. Jedlicka on the invoices accompanying the entries covered by the reappraisement appeals listed in the Schedule A below, which Schedule A is made a part of this stipulation, consist of mechanical robot calendars exported from Denmark to the United States during the period from April 1959 through July 1959, appraised

on the basis of "constructed value" as defined in Section 402(d) Tariff Act of 1930 as amended by the Customs Simplification Act of 1956, at $1.95, each net packed, plus a royalty of $0.36 each to Gleerup Moller, of the same kind in all material respects, and sold to the importer herein under the same marketing and sales conditions, (except there was no sales commission to Hanson & Co.) as the merchandise and market and sales conditions involved in the case of *United States* v. *Henry A. Wess, Inc.* A.R.D. 142, wherein it was held that the royalty should not be included as a part of the "cost of production" dutiable value as defined in Section 402a(f) of said Act as amended.

That at or about the time of exportation, neither such nor similar merchandise was freely sold or offered for sale for exportation to the United States, nor freely sold or offered for sale in the United States.

It is further stipulated and agreed that the record in the case of *United States* v. *Henry A. Wess, Inc.*, A.R.D. 142, be incorporated in the record in this case, and that the reappraisement appeals be submitted on this stipulation.

On the agreed facts, I find:

1. That cost of production, as that value is defined in 19 U.S.C.A., section 1402(f) (section 402a(f), Tariff Act of 1930, as amended), is the proper basis for determination of the value of the merchandise described in the invoices accompanying the entries covered by the reappraisement appeals listed in schedule A, attached hereto.

2. That the cost of production of such merchandise does not include a royalty of 2.4776 Danish kroner per piece.

3. That the cost of production of such merchandise is 13.7809 Danish kroner per piece.

Judgment will be entered accordingly.